IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMSEY RANDALL | : | CIVIL ACTION |
| v. | : | |
| FACEBOOK, INC., et al. | : | NO. 17-1526 |

**M E M O R A N D U M**

SLOMSKY, J.                                                      JUNE 22, 2017

Plaintiff was given leave to file an amended complaint by Order dated May 12, 2017 (Document No. 10). He has submitted an amended complaint (Document No. 11), in which he is raising claims against Berks County, Pennsylvania, the District Attorney of Berks County, the West Reading Police Department, a West Reading Police Department detective and a police officer, Fox News, Media, Entertainment, Inc. and a newscaster at Fox News, the Reading Eagle Newspaper Company and two employees at the paper, Facebook, Inc. and the CEO, Mark Zuckerberg, and Google, Inc.

For the following reasons, plaintiff's amended complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Claims Against Berks County, Pennsylvania, Berks County District Attorney John Adams, the West Reading Police Department, Detective Joseph Brown and Police Officer Karie Good.**

Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint. Therefore, the

claims against Berks County will be dismissed.

Plaintiff's claims against the West Reading Police Department are dismissed because there is no respondeat superior liability in § 1983 cases. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

Plaintiff's allegation that he was defamed by the Berks County Court of Common Pleas, District Attorney Adams, the West Reading Police Department, Detective Brown and Officer Good fails to state a violation of his constitutional rights, as there is no constitutional liberty interest in one's reputation. Siegert v. Gilley, 500 U.S. 226, 233-34 (1991). Therefore, the defamation claims against these defendants must be dismissed.

Plaintiff's claim that his conviction and sentence are unconstitutional must also be dismissed. In order, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).

Furthermore, his request for immediate release from custody is a request that may only be brought in a petition for a writ of habeas corpus, and not in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Finally, plaintiff is also raising claims under 42 U.S.C. § 1985. However, there are no allegations in plaintiff's complaint that would allow this Court to find that any of the defendants' actions were motivated by racial or class-based animus or that there has been an interference with federal officials or federal court proceedings which is necessary to bring an action under 42 U.S.C. § 1985. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); Kush v. Rutledge, 460 U.S. 719, 724-725 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976).

**II. Plaintiff's claims against Fox News, Media, Entertainment, Inc, Rebecca Solomon, Reading Eagle Newspaper Company, Dan Kelly, Steven Henshaw, Facebook, Inc., CEO Mark Zuckerburg, and Google, Inc.**

It appears that plaintiff is attempting to bring state tort claims against these defendants for defamation. However, because all of the claims over which this Court has jurisdiction will be dismissed, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the claims against them will be dismissed.